By the Court.—Sanford, J.
Charles H. Davis and Mary Cooley were appointed administrator and administratrix of Horace Cooley, deceased, and letters of administration were issued to them, by the surrogate of the county of Hew York, upon the execution by them and their sureties of the bond or obligation upon which this action is brought. The condition of the bond is that the above bounden Mary Cooley and Charles H. Davis shall faithfully execute the trust reposed in her, as administratrix and administrator of all and' singular the goods, chattels, and credits of Horace Cooley, late of the city of Hew York, deceased, and obey all orders of the surrogate, touching the administration of the estate committed to her. It is insisted, on behalf of the defendant Balch, one of the sureties on the bond, that, as against him as such surety, the bond must be strictly construed, and that upon a strict construction, he can not be held liable for a devastavit committed by Davis, nor for Davis’s disobedience of the order of the surrogate requiring the payment of a sum of money to the plaintiff, out of assets decreed to be in his hands as administrator of the estate.
1. The liability of principals and sureties upon a joint and several obligation is determined upon the same rules of construction ; and, with respect to both, the situation of the parties, and the hazards against which the security was exacted, must be considered in determining the legal effect of the instrument (Rochester City Bank v. Elwood, 21 N. Y. 88). If, therefore, *68 Davis is liable upon the bond, so also is Balch. The statute requires that “ every .person appointed administrator shall before receiving letters, execute a bond with two or more competent sureties, to be approved by the surrogate ; and the bond shall be conditioned that such administrator shall faithfully execute the trust reposed in him as such, and also that he shall obey all orders of such surrogate touching the administration of the estate committed to him ” (2 R. S. 77). The intention of the parties, in view of the statutory requirement, doubtless was that the bond should be, and should be deemed and taken to be, a full compliance therewith ; and that the obligors, both principals and sureties, should become and be responsible for the faithful performance by both administrator and administratrix of the trust reposed in them. To suppose otherwise would involve the implication of an intended evasion of, and fraud upon the law. No such evasion and fraud is to be presumed, as within the contemplation of either or any of the parties. The honest intent is not only to be presumed, but is, I think, fairly manifested by the terms of the instrument, without the slightest change, by construction, of its peculiar phraseology ; and especially, if its phraseology is considered in connection with the statute. If there be any failure to express such intent, it was, in all probability, occasioned by a mere clerical error in the filling up of a blank. But I am of opinion that the language used sufficiently expresses such intent. Had the name of “Charles H. Davis” and the words, “as administrator,” been wholly omitted from the condition of the bond, there might, consistently with an honest purpose and intent on the part of the parties, have been ground for the construction contended for by the defendant Balch ; but it is impossible to give any force or sig nificance to the insertion of that name and those words, without assuming that the design and purpose of the *69 parties was to become responsible for the faithful execution by Davis as well as by Mary Cooley of the designated trust. That trust was the administration of tiie estate of Horace Cooley, as appears by the express terms of the instrument; and the words “reposed in her,” and “ committed to her,” are but additional and unnecessary words of description which do no harm, and which, even if wholly erroneous and false, might properly be rejected, inasmuch as the trust intended to be described is otherwise designated with certainty. If the intent is clear, the mistake is to be disregarded, and no reformation of the instrument by an appeal to the equitable power and jurisdiction of the court, is requisite. 6‘ Falso demonslratio non nooeV'1 (Burr v. Broadway Ins. Co., 16 N. Y. 267). But those words are not false nor erroneous, and it is quite unnecessary to reject them. As matter of fact, the trust was reposed in Mary Cooley; and none the less because it was also reposed in Davis. H"or was he the less bound to execute that trust, reposed also in him, because in the condition of the bond it was described as reposed in her. The condition was that both should faithfully execute that trust, and it was for its faithful execution by “Davis ” as “ administrator,” as well as by “ Mary Cooley as administratrix,” that the sureties, in express terms, became bound.
2. The failure of Davis to comply with the order of the surrogate requiring payment to the plaintiff out of the assets found and decreed to be in his hands, constituted a breach of the condition of the bond, quite irrespective of any accounting by Mary Cooley, or any application therefor. He was called to account upon her application, as he well might be, and was held liable upon an accounting to which she was a party. The creditor of the estate to whom, by the order of the surrogate, he was directed to make payment, had the right to proceed against his *70 sureties upon his refusal, and an assignment of the bond.
The judgment should be affirmed with costs of the appeal.
Spier, J., concurred.